IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY, | Cause No. CV 21-52-H-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On July 19, 2021, Petitioner Charles Clary, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Clary is a state prisoner proceeding pro se.

Following a 2010 jury trial in Montana's Eighth Judicial District, Cascade County, Clary was convicted of Aggravated Burglary and two counts of Assault with a Weapon.  See, (Doc. 1 at 2-3.)[2]  For the Aggravated Burglary, Clary received a 40-year prison sentence with 10-years suspended, and for each count of

---

[1] See, (Doc. 1 at 8).  Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).
[2] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3002068/ (accessed July 22, 2021).

Assault with a Weapon, Clary was sentenced to the Montana State Prison for 20-years with 10-years suspended.  All counts were ordered to run concurrently.  See, (Doc. 1 at 3.)

Clary previously challenged his 2010 state judgment of conviction before this Court.  Clary's prior petition was dismissed with prejudice as procedurally defaulted.[3]  Clary then filed a subsequent petition in which he asserted the State of Montana's process for issuing warrants and initiating criminal prosecutions violates the Fourth Amendment.[4]  Clary voluntarily dismissed his second habeas petition.[5]

In the instant petition, Clary alleges an individual's Fourth Amendment rights, right to due process, and right to equal protection are violated by the manner in which the State of Montana initiates its prosecutions.  See, (Doc. 1 at 4, ¶ 13(A)); see also, (Doc. 1-1 at 7-12.)[6]  Clary asks this Court to vacate his sentence and overturn his conviction based upon these purported constitutional violations. (Doc. 1-1 at 12.)

_____

[3] See, *Clary v. Fender*, Cause No. CV-15-111-GF-DLC, Or. (D. Mont. Aug. 5, 2016).
[4] See, *Clary v. Fox et al.*, Cause No. CV-18-85-GF-85-DLC, Pet. (filed June 15, 2018).
[5] *Clary v. Fox et al.*, Cause No. CV-18-85-GF-85-DLC, Not. (filed Dec. 3, 2018).
[6] Clary has attempted, on at least two prior occasions, to present this same issue to the Montana Supreme Court to no avail.  See e.g., (Doc. 1-1 at 3-6)(attaching orders in *Clary v. State*, No. OP 20-0143 (Mont. Mar. 24, 2020) and *Clary v. Salmonson*, No. OP 21-0263 (June 9, 2021)).

### i.  Motion to Proceed in Forma Pauperis

Clary seeks leave of the Court to proceed in forma pauperis.  See, (Doc. 2.)
After reviewing the motion and supporting account statement, the Court finds
Clary has sufficiently shown he cannot afford to pay all costs that may be
associated with this action. The motion to proceed in forma pauperis will be
granted.

### ii.  Second/Successive Petition

The Montana Supreme Court noted that Clary's challenge to the state's
charging procedure was not properly brought in a petition for habeas corpus relief.
See, *Clary v. State*, No. OP 20-0143, Or. at 2 (Mont. Mar. 24, 2020).  Nonetheless,
the Court found under state law that Clary's claim lacked merit because he had "a
judicial determination of probable cause when the District Court granted the State
leave to proceed with its charging documents."  *Id*. (citations omitted).  It is not for
this Court to reexamine the state court's determination on this state law issue. *See
Waddington v. Sarausad,* 555 U.S. 179, 192 n. 5 (2009) ("we have repeatedly held
that it is not the province of a federal habeas court to reexamine state-court
determinations on state-law questions") (citation and internal quotations omitted);
*Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("a state court's interpretation of state
law, including one announced on direct appeal of the challenged conviction, binds
a federal court sitting in habeas corpus"); *see also Holgerson v. Knowles,* 309 F.3d

3

1200, 1202 (9th Cir.2002), *cert. denied,* 538 U.S. 1005 (2003) (federal habeas court "bound by California's interpretation of its state law") (citation omitted). Further, Clary cannot convert this state law issue into one of federal import merely by invoking the specter of a federal constitutional violation.  See, *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997).  But it matters not at this juncture, because this Court lacks jurisdiction.

In his prior habeas petition, Clary challenged his 2010 convictions.  Because he has already filed a federal habeas petition challenging his state judgment of conviction, this Court may not review Clary's present petition unless and until he obtains leave from the Ninth Circuit Court of Appeals to file a second or successive petition.

This Court must dismiss any claim which was presented in a prior habeas petition. See, 28 U.S.C. § 2244(b)(1).  A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence.  28 U.S.C. § 2244(b)(2).  In the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).  Thus, Clary is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by

4

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")

Until Clary obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).  The petition should be dismissed.

### iii.    Certificate of Appealability

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time. See, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); see also, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the foregoing, the Court makes the following:

### ORDER

Clary's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be **DENIED**.

DATED this 22nd day of July, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge