IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY, | CV 21–52–H–BMM |
| Plaintiff, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Defendants. | |

Petitioner Charles Clary, a state prisoner proceeding without counsel, filed a habeas corpus petition under 28 U.S.C. § 2254, alleging the State of Montana violate the Fourth Amendment, along with and individual's right to due process and equal protection, by the manner in which the State of Montana initiates prosecutions. *See generally*, (Doc. 1.)  Because Clary had previously challenged his 2010 state judgment of conviction in federal habeas, in August of 2021, the matter was dismissed as an unauthorized second/successive petition.  (Doc. 5.)

Clary now seeks reconsideration of the dismissal.  (Doc. 8.) Clary cites to no rule of Civil Procedure allowing for reconsideration. Clary does cite to the "Chevron Doctrine" being overturned, and the Ninth Circuit's decision regarding the standard for Rule 4 summary dismissal as discussed in *Neiss v. Bludworth*, 114

1

F. 4ᵗʰ 1038 (9ᵗʰ Cir. 2024), in support of his motion. *Id.*

Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Accordingly, the Court will consider Clary's motion under the standards of Rule 60.

Reconsideration represents "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99ᵗʰ Cir. 2000)(quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9ᵗʰ Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9ᵗʰ Cir. 2003).

Rule 60(b) which provides relief from the judgment in several narrow circumstances, including "mistake," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ P. 60(b)(1)(2), (6).

Clary does not explain how he believes the "Chevron Doctrine" applies in the instant matter. The Court presumes that Clary is relying upon *Loper Bright*

*Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024), in support of his argument.  In *Loper Bright* the U.S. Supreme Court expanded the authority of courts to review ambiguity in statutory directives to agencies.  *See generally, Loper Bright*, 144 S. Ct. at 2254.  The U.S. Supreme Court struck down "*Chevron* deference," which had required courts to defer to an agency's reasonable interpretation of an ambiguous statutes.  144 S. Ct. 2244.  Moreover, in *Loper Bright*, the U.S. Supreme Court was concerned with agency interpretations which were challenged under the Administrative Procedure Act ("APA").  *Id*.  Clary has provided no authority that would suggest *Loper Bright* is applicable to these proceedings.

Additionally, as Clary was previously advised, this matter was dismissed because the Court lacked jurisdiction to consider a successive § 2254 filing, absent Clary receiving leave from the Ninth Circuit Court to file.  *See e.g.*, (Docs. 4 & 5.)  Upon preliminary review, the jurisdictional deficiency, and the fact that Clary was not entitled to relief in the Court, was plainly apparent from the initial petition. *See*, Rule 4 of the Rules Governing Section 2254 Cases.  The present matter is distinct from the plaintiff's case in Neiss, which dealt with the merits of a claim for ineffective assistance of counsel and whether such a claim was appropriate for dismissal under Rule 4 screening.  *Neiss v. Bludworth*, 114 F.4th 1038, 1041 (9th Cir. 2024).  Accordingly, *Neiss* does not apply to the present matter.

Clary disagrees with the Court's dismissal order. The disagreement is not a valid basis for reconsideration. Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Clary has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of a strongly convincing nature to compel reversal. *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988). The motion will be denied because Clary has not provided one of the permissible grounds to support his reconsideration request relative to his claim. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995).

**Accordingly, IT IS ORDERED**:

1. Clary's Motion for Reconsideration (Doc. 8), construed as a motion for relief from judgment pursuant to Rule 60(b), is DENIED.

2. To the extent one is sought, a request for a Certificate of Appealability is DENIED.

DATED this 19th day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court